Grafton County Probate Court
No. 7414

*In re* HARLAN H. ROBB

February 27, 1976

*Stebbins & Bradley* and *Daniel J. Connolly (Mr. Connolly* orally) for the plaintiff.

*David H. Souter,* attorney general, and *Roger G. Burlingame,* assistant attorney general *(Mr. Burlingame* orally), for the State.

PER CURIAM. Upon an agreed statement of facts, the following question of law was reserved and transferred prior to trial from the Grafton County Probate Court pursuant to RSA 547:30 *(Jones,* J.).

"Pursuant to RSA Chapter 8 (as amended), can the State of New Hampshire recover from a person or his estate,

expenses for board and care furnished to said person by the State of New Hampshire during said person's commitment to the New Hampshire Hospital pursuant to order of the Superior Court upon acceptance by the State and the Court of a plea of not guilty by reason of insanity to a charge of first degree murder?"

This question is asked in, light of the following facts: On May 7, 1973, Harlan H. Robb was indicted by the Grafton County grand jury of the crime of murder in the first degree. RSA 585:1. Upon arraignment before the superior court, Mr. Robb entered a plea of not guilty. On December 20, 1973, he was permitted to withdraw his not guilty plea and was permitted to enter a plea of not guilty by reason of insanity. This plea was accepted by the Superior Court (*Perkins,* J.) after the presentation of expert psychiatric testimony concerning Mr. Robb's sanity at the time of the alleged events and at the time of the hearing. Pursuant to RSA 607:3 (reenacted as RSA 651:9 (Supp. 1975)), Mr. Robb was committed to the New Hampshire Hospital. At that time, the superior court issued the following order:

"The Court is of the opinion and so finds that it would be dangerous for Harlan H. Robb to go at large. It is therefore considered by the Court that the said Harlan H. Robb be committed to the New Hampshire Hospital for life until, or unless, earlier discharged, released or transferred by due course of law, however, he shall not be released, paroled, discharged, or otherwise permitted to depart from the physical custody or facilities of the New Hampshire Hospital, either temporarily or permanently, except on order of the Superior Court."

On January 10, 1975, pursuant to RSA 464:17, Daniel J. Connolly was appointed conservator of the assets of Harlan H. Robb by the Grafton County Probate Court. In August 1975, the State of New Hampshire sought reimbursement from the assets of Mr. Robb for his board and care at the hospital. The amounts sought are $4,252.50 for the period from January 20, 1974, through November 30, 1974, and $8,215 for a period from December 1, 1974, through June 30, 1975. The assets of Mr. Robb are sufficient to satisfy these amounts. Mr. Connolly has petitioned the Grafton County Probate Court for instructions concerning his liability as

conservator of Mr. Robb's assets for the amounts in question and any future amounts demanded by the State of New Hampshire on behalf of the New Hampshire Hospital.

Specifically, plaintiff contests the reimbursement charge on two grounds: (1) The legislative history of RSA 8:43 (Supp. 1975) allowing reimbursement for State expenses incurred in maintenance of the New Hampshire Hospital indicate that it is the policy of the State of New Hampshire to refrain from charging those committed to the Hospital, such as Mr. Robb, for the cost of their commitment; and (2) the attempt by the State of New Hampshire to recover such expenses for board and care furnished at the New Hampshire Hospital during a person's commitment pursuant to an order of the superior court violates that person's constitutional right to equal protection of the law.

The plaintiff's contentions have been decided adversely to him in No. 7168, *In The Matter of John H. Sargent,* 116 N.H. 77, 354 A.2d 404 (1976), decided this day. The question transferred is therefore answered in the affirmative.

*Remanded.*